# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Martin Achu

### Case No. Cr. 13228

Commonwealth of Virginia

v.

Malik Munawar

### Case No. Cr. 13207

### August 23, 2000

BY JUDGE THOMAS D. HORNE

These two cases are before this court on appeal from the General District Court of Loudoun County. Both defendants are charged with unlawfully soliciting passengers in violation of Metropolitan Washington Airport Authority regulation number 5.23. The offenses are alleged to have occurred at Dulles Airport located in Loudoun County, Virginia.

Mr. Achu and Mr. Munawar have filed motions to dismiss the charges. They contend that the Airport Authority was unconstitutionally created, and thus, any regulations adopted by it are void. In addition, it is their position that this court lacks jurisdiction to adjudicate regulations of the Authority. Lastly, defendants assert that there are no penalties for the charge of solicitation or that such penalties are unconstitutionally vague.

The Washington Metropolitan Airport Authority is the creature of a congressionally sanctioned compact between the Commonwealth and the District of Columbia. As such, its provisions enjoy supremacy over

inconsistent state and constitutional mandates. *Washington Metro. Area T. A. v. One Parcel of Land,* 706 F.2d 1312 (1983). The provisions of the compact are, "a federal law subject to federal construction, notwithstanding its genesis in the enabling acts of Virginia and the District of Columbia." *Alcorn v. Wolfe,* 827 F. Supp. 47, 51 (1993).

In construing the compact, the Court is required to examine the express terms of the agreement to determine whether the legislative grant to the compact agency exceeds state constitutional limitations. See, *West Virginia ex rel. Dyer v. Sims,* 341 U.S. 22, 95 L. Ed. 713, 71 S. Ct. 557 (1951). An examination of the Transfer Act and the enabling statutes reveals no such limitations in this case. Enactment of regulations governing the use of the airport property is a reasonable and necessary exercise of the powers granted the Authority by the legislature.

A summary of the origins and nature of the compact are set forth in two earlier letter opinions of this Court. *Fairchild Corp. v. Metropolitan Washington Airports Auth.,* 50 Va. Cir. 127, 138 (1999, 2000).

In the instant case, the Court finds that the Authority was the product of a compact assented to by Congress. In construing the compact, the Court is guided by traditional contract principles. Among those principles is that which would have the Court harmonize the provisions of the contract whenever possible. *Ward's Equipment, Inc. v. New Holland North America, Inc.,* 254 Va. 379, 493 S.E.2d 516 (1997). In the instant case, the Court finds that the provisions of the Transfer Act and state enabling statutes can be harmonized so as to give the Authority the power to prescribe regulations and fix appropriate sanctions for their violation.

Accordingly, the Court finds that the Metropolitan Washington Airport Authority is a properly constituted compact agency and that its regulations are constitutional and enforceable.